IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ROY HARTLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 3:15-CV-79 (CAR) |
| | : | |
| COLLECTION SERVICES OF ATHENS, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER ON MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Before the Court is Plaintiff Roy Hartley's Motion to Dismiss Defendant Collection Services of Athens, Inc.'s ("CSA") Counterclaim claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant CSA did not respond to the Motion. Having considered the relevant facts, applicable law, and the parties' filings, Plaintiff's Motion [Doc. 6] is **GRANTED**, and Defendant CSA's Counterclaim is hereby DISMISSED without prejudice as premature.

### LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

claim to relief that is plausible on its face.'"[2]  A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[4]

## BACKGROUND

Plaintiff filed his Complaint alleging Defendant CSA continued to contact him regarding a consumer debt despite knowing he could not be reached at his telephone number, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Defendant CSA filed its Answer and a Counterclaim asserting that "[t]he allegations put forth in [the] Complaint are without substantial justification", and "unless the Plaintiff withdraw[s] the Motions prior to the ruling by the Court, the Plaintiff will be subject to the provisions of O.C.G.A. Section 51-7-83 and other applicable laws in the State of Georgia governing abusive litigation."[5] Plaintiff now seeks to dismiss this Counterclaim.

## DISCUSSION

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[3] *Id.*
[4] *Bell Atlantic Corp.*, 550 U.S. at 556.
[5] Doc. 5, ¶¶ 25 & 29.

Defendant CSA's Counterclaim must be dismissed as premature. O.C.G.A. § 51-7-83 provides for damages arising from abusive litigation. The statute states that "[a] plaintiff who prevails in an action under this article shall be entitled to all damages allowed by law as proven by the evidence, including costs and expenses of litigation and reasonable attorney's fees."[6] However, the statute specifically states that "[a]n action or claim under this article requires the <u>final termination</u> of the proceeding in which the alleged abusive litigation occurred and must be brought within one year of the date of final termination."[7] "[C]laims for litigation expenses and attorney's fees under . . . O.C.G.A. § 51-7-83 are premature and should not be entertained until the underlying litigation has concluded."[8] This case is still in discovery. Thus, Defendant's Counterclaim must be dismissed as premature.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Dismiss Counterclaim [Doc. 6] is **GRANTED**, and Defendant's Counterclaim is hereby DISMISSED without prejudice.[9]

**SO ORDERED**, this 23rd day of May, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

---

[6] O.C.G.A. § 51-7-53(a).

[7] O.C.G.A. § 51-7-84(b) (emphasis added).

[8] *Hutchinson v. Divorce & Custody Law Center Of Arline Kerman & Assoc.*, 207 Ga. App. 421 423 (1993).

[9] *See id.* (citing *Metro Chrysler-Plymouth v. Pearce*, 121 Ga. App. 835, 840 (1970)).